# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA BITAUTAS, <br><br> Plaintiff, <br><br> v. <br><br> DuPAGE COUNTY SHERIFF JOHN ZARUBA, DuPAGE COUNTY, OFFICER JASPER, OFFICER COGDELL, JANE DOE OFFICERS and NURSE JANE DOE, <br><br> Defendants. | Case No. 16 C 9416 <br><br> Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John E. Zaruba's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) [ECF No. 14]. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

The following facts are contained in the Complaint and are presumed true for purposes of deciding the Motion to Dismiss. *See, Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

Plaintiff Anna Bitautas ("Bitautas" or "Plaintiff") was arrested by a DuPage County Deputy Sheriff and taken to the DuPage County Jail on (or about) the evening of September 3, 2016. Plaintiff alleges that as reprisal for

her complaining about being handled roughly during processing at the jail, she was designated to be a suicide risk by an Officer Cogdell and a Nurse Jane Doe. Officer Cogdell, Nurse Jane Doe, an Officer Jasper and four Jane Doe Officers – all Defendants in this lawsuit – then approached Plaintiff with scissors and threatened to cut off her clothes. "To preserve her clothes," Plaintiff removed them. She was then placed naked in a freezing cell with a "visibly filthy" blanket.

Plaintiff further alleges that as a consequence of a recent miscarriage, she began to bleed profusely while in the cell. Despite "loudly complain[ing]" that she needed a tampon, Plaintiff was not provided with any such means to stop the bleeding. Instead, she was taunted by Officer Cogdell, Officer Jasper, and Nurse Jane Doe for her miscarriage.

Neither was the blood cleaned up at Plaintiff's repeated request. As result, Plaintiff's blood pooled on the floor, and she slipped on it, injuring her head and shoulder. Sometime later, a male officer observed Plaintiff through the window of her cell and said that she needed medical attention. Nurse Jane Doe then examined Plaintiff but did not provide treatment for her head and

shoulder injury. She also did not provide adequate feminine hygiene products to stop Plaintiff's bleeding. Plaintiff was left naked in the cell in full view of passing male personnel until she was released on bond around 7:45 a.m. the next morning.

This lawsuit arises from the above alleged incidents. In her Amended Complaint, Plaintiff alleges five causes of action. Against Officer Cogdell, Officer Jasper, the Jane Doe Officers, and Nurse Jane Doe (collectively, the "Individual Defendants"), Plaintiff asserts two § 1983 claims. She also asserts an indemnification claim against DuPage County. Finally, she brings two state-law claims against DuPage County Sheriff John Zaruba ("the Sheriff"), which are the subject of this Motion to Dismiss.

Both claims against the Sheriff are brought under the principle of *respondeat superior*. Count III is a claim for intentional infliction of emotional distress, which states that the Individual Defendants, who are the Sheriff's employees, acted with "malice, willfulness, and deliberate indifference to Plaintiff's rights" in their treatment of her during the night at the jail. Count IV is a negligence claim arising from the Individual Defendants' failure to clean the blood on the floor, thereby causing Plaintiff to

slip and injure herself. Both counts are made against the Sheriff in his official capacity.

## II. ANALYSIS

The Sheriff seeks to dismiss both causes of action in reliance on various provisions of the Illinois Tort Immunity Act. For the reasons discussed below, the Court finds that the Sheriff is not entitled to immunity under any of the provisions cited.

### A. Count III: Intentional Infliction of Emotional Distress

To defeat the first cause of action against him, the Sheriff cites 745 ILCS 10/2-204. This provision states that, "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." Plaintiff counters that Section 10/2-204 only shields public employees from *respondeat superior* liability and the Sheriff is not such an employee when he is sued in his official capacity.

The Court agrees. As the Seventh Circuit has explained in the context of a 42 U.S.C. § 1983 action, "When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself." *Pourghoraishi v. Flying*

*J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also, Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses.") (citing *Kentucky v. Graham,* 473 U.S. 159, 167 (1985)). In this suit, the Sheriff is treated as a public entity (the DuPage County Sheriff's Office) and not as an individual (John Zaruba, Sheriff).

Moreover, other courts in this district have held that Section 10/2-204 does not afford immunity to officials sued in their official capacity. Consider, for example, *Jacoby v. DuPage Cty. Ill.,* No. 12 CV 6539, 2013 U.S. Dist. LEXIS 89934 (N.D. Ill. June 26, 2013), a case very similar to this one.

In *Jacoby,* Sheriff Zaruba (the same defendant here) was sued in his capacity as Sheriff of DuPage County. *Jacoby,* 2013 U.S. Dist. LEXIS 89934 at *1. The plaintiff in that case made a claim of intentional infliction of emotional distress against employees of the DuPage County Sheriff's Office and a claim of *respondeat superior* against the Sheriff. *Id.* The Sheriff sought to dismiss the case on the basis of Section 10/2-204 – just as he does in this case. *Id.* at *10-11. Judge Joan Lefkow rejected his

argument and denied the motion. *Id.* at *11-13. As the judge explained,

> Section 2-204 protects only public employees, *i.e.,* employees of a 'local public entity.' By its plain language, then, § 2-204 does not reach the Sheriff, sued here in his official capacity as an institutional defendant. . . . Thus, dismissal of Jacoby's IIED vicarious liability claim against the Sheriff based on § 2-204 immunity is not appropriate.

*Id.*

*Jacoby* is not the only case to have come to such a conclusion regarding the inapplicability of Section 10/2-204 to official-capacity suits. In *Awalt v. Marketti,* 74 F.Supp.3d 909, 943 (N.D. Ill. 2014), the court held that Section 10/2-204 "does not abrogate respondeat superior liability, but only grants immunity to public employees in their personal capacity." The court thereby denied summary judgment to the Sheriff of Grundy County on the grounds that the sheriff was not protected by Section 10/2-204's immunity. *Id.* Likewise, *Lopez v. Dart,* No. 06 C 4836, 2008 U.S. Dist. LEXIS 58287, at *16 (N.D. Ill. July 17, 2008), and *Davis v. Peoria Cty.,* No. 08-cv-1118, 2009 U.S. Dist. LEXIS 94107, at *49 n.14 (C.D. Ill. Oct. 8, 2009), both rejected that Section 10/2-204 provides categorical immunity for sheriffs sued in their official capacity.

To the extent that there is any disagreement regarding the scope of Section 10/2-204, it is superficial. The confusion stems from cases where it was not clear whether the public official was sued in his personal or official capacity. For instance, in *Payne v. Churchich,* 161 F.3d 1030, 1044 (7th Cir. 1998), the court noted that "To the extent that [the complaint] alleges vicarious liability under state law, the Sheriff is immune under the provisions of the Illinois Tort Immunity Act." However, as Judge Lefkow pointed out in *Jacoby,* the court in *Payne* did not address whether the sheriff had been sued in his individual or official capacity. *Jacoby,* 2013 U.S. Dist. LEXIS 89934 at *11-12. The issue was presumably not brought to the court's attention and therefore not properly considered.

Like *Payne,* cases that find immunity on 10/2-204 grounds often elided the official-individual distinction. *See, e.g., Clark v. Chicago,* 595 F.Supp. 482, 487 (N.D. Ill. 1984) (granting a motion to dismiss two defendants who were public officials but seemingly sued in their personal capacities since their job titles were not even mentioned) and *Hawkins v. St. Clair Cty.,* No. 07-142-DRH, 2009 U.S. Dist. LEXIS 26969, at *25-26 (S.D. Ill. Mar. 31, 2009) (granting summary judgment to the defendants without

discussion of their capacity in the suit). Given the lack of analysis, these cases offer little support to the Sheriff's position on the matter.

This is all the more true since even the Sheriff (implicitly) admits that the current suit should be treated as one brought against a public entity. In his brief, the Sheriff argues that 745 ILCS 10/2-109 applies to his case. But Section 10/2-109 speaks only to public entities. *See,* 745 ILCS 10/2-109 (stating in its entirety that, "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable"). As a public entity, the Sheriff in this case does not enjoy the immunity Section 10/2-204 provides to public employees. *See,* 745 ILCS 10/1-207 (defining a public employee as "an employee of a local public entity").

Moreover, it is uncontroverted that a public entity is liable for the tortious acts of its employees when the employees acted within the scope of their employment and their conduct was "willful and wanton." *See,* 745 ILCS 10/9-102. Here, Plaintiff has alleged that the Individual Defendants, employees of the Sheriff, intentionally inflicted emotional distress upon her. She further alleges that they acted with "malice, willfulness, and deliberate

indifference."  As such, she plausibly has made an allegation of "willful and wanton" conduct. *See,* 745 ILCS 10/1-210 (defining willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others"). Finally, the Sheriff's liability is not in spite of Section 10/2-204 but in accordance with it since Section 10/2-204 limits liability "except as otherwise provided by statute."

In sum, the Court finds that Section 10/2-204 does not preclude vicarious liability for the Sheriff as he was sued in this case – in his official capacity and for intentional tortious acts. *See, Davis,* 2009 U.S. Dist. LEXIS 94107, at *49 ("To hold, as Defendant Sheriff [] would have it, that § 2-204 precludes all respondeat liability on the part of a sheriff would ignore the language of § 2-204 itself, would be contrary to the authoritative Illinois interpretation, and would render the ITIA internally inconsistent.").

### B. Count IV: Negligence

To defeat the negligence action against him, the Sheriff first argues that that a negligence claim is barred by 745 ILCS 10/2-202. The section states, "A public

employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."

In response, Plaintiff points the Court to a different provision of Illinois law. 55 ILCS 5/3-6016 reads, "The sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission." 55 ILCS 5/3-6016 thus imposes vicarious liability on a sheriff for the negligent acts of deputy sheriffs, as the individual officers presumably are in this case.

Plaintiff argues that 55 ILCS 5/3-6016 controls here, essentially trumping Section 10/2-202. This is because 55 ILCS 5/3-6016 is the more specific provision, which is favored under the rules of statutory interpretations. *See, Maxwell v. Hobart Corp.,* 216 Ill. App. 3d 108, 111 (1991) ("It is a well-settled rule of statutory construction that when two statutes deal with the same subject, one specific and one general, the more specific statute controls."). Furthermore, courts have relied on 55 ILCS 5/3-6016 to deny dismissal of *respondeat superior* claims against municipalities for the negligent acts of their deputy

sheriffs.  *See, e.g., Wallace v. Masterson,* 345 F.Supp.2d 917, 923 (N.D. Ill. 2004) (denying a motion to dismiss because "[a] sheriff is clearly liable in Illinois law for the negligent actions of deputy" under 55 ILCS 5/3-6016).

The Sheriff raises no argument against 55 ILCS 5/3-6016 being the controlling provision in this case.  For instance, he does not dispute that the only relevant canon of construction is that found in *Maxwell,* that Section 5/3-6016 is indeed the more specific statutory provision, or that there is no other provision that rescues his case.  The Court treats such silence as the Sheriff abandoning any reliance on Section 10/2-202.  It therefore focuses on his second argument.

In his Reply Brief (and only there), the Sheriff cites yet another section of the Illinois Tort Immunity Act.  This section, 745 ILCS 10/2-109 (miscited as 735 ILCS 10/2-109 in the brief), states that "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."

According to the Sheriff, the provision requires dismissal of Plaintiff's case because "the yet to be served or otherwise unidentified Defendant Officers and NURSE JANE DOE are arguably immune for any allegedly negligent acts."

This argument is puzzling. Simply because the employees may be immune does not mean that they are actually immune and therefore not liable. In fact, the issue of their immunity has not even been raised, much less decided upon, since no other defendant has filed anything with the Court.

The Court can only guess that the Sheriff is making the argument that the suit against him should not proceed until the employees have been found liable. That is, the Sheriff would have the Court interpret Section 10/2-109 to mean that a complaint against a local public entity like the Sheriff's Office cannot be maintained unless and until an employee has been found liable. But there is no support for this proposition. Claims for vicarious liability proceed concurrently with claims against the direct tortfeasors as a regular occurrence. *See, e.g., Trejo v. Vill. of Itasca,* No. 02 C 1193, 2003 U.S. Dist. LEXIS 22232, at *9 (N.D. Ill. Dec. 9, 2003) ("[T]he Court has not dismissed the claims against the officers, thus the potential for respondeat superior liability and indemnification survives and Counts IV and V will not be dismissed."). *Cf. Askew v. City of Chi.,* No. 04 C 3863, 2005 U.S. Dist. LEXIS 8276, at *26 (N.D. Ill. Apr. 6, 2005) (granting summary judgment to the City of Chicago, named in

a *respondeat superior* capacity, only after granting summary judgment to the individual police officers) and *Taylor v. City of Chi.*, No. 01 C 2057, 2003 U.S. Dist. LEXIS 17433, at *19 (N.D. Ill. Sep. 29, 2003) ("Having found that plaintiff's claims against [Officer] Majid cannot withstand summary judgment, we must also grant summary judgment on plaintiff's claims against the City for *respondeat superior* liability and indemnification.").

In sum, the Court, finding Plaintiff's arguments persuasive and the Sheriff's not, declines to dismiss the Complaint against the Sheriff.

### III. CONCLUSION

For the reasons stated herein, the Sheriff's Motion to Dismiss [ECF No. 14] is denied.

**IT IS SO ORDERED.**

                                                                                    Harry D. Leinenweber, Judge
                                                                                    United States District Court

Dated: December 14, 2016